Martha G. Bronitsky, #127583
Chapter 13 Standing Trustee
Leo G. Spanos, #261837, Staff Attorney
Nima Ghazvini, #254758, Staff Attorney
Po Box 5004
Hayward,CA 94540
(510) 266- 5580
13trustee@oak13.com

Trustee for Debtor(s)

**THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| **In re** **Latrina Antoinette Dumas** Debtor | **Chapter 13 Case No. 17-42995-CN 13** Chapter 13 Trustee's Objection to Modification of Chapter 13 Plan and Motion to Dismiss Chapter 13 Case |
|---|---|

## Objection Information

Trustee Objects To: Amended Motion to Modify and Modifed Plan
Filed: January 17, 2019
Docket#: 39

## Motion To Dismiss Information

☑ Trustee Seeks To Dismiss the Case ☐ Trustee Does Not Seek to Dismiss the Case

**(See II. Motion To Dismiss Below)**

## Case Information

Petition Filed: November 30, 2017 Attorney Name: DANIEL S VAUGHAN ATTY

## I. Objection

Martha G. Bronitsky, Chapter 13 Trustee in the above referenced matter, opposes modification of the Chapter 13 Plan on the following grounds:

**Post-Confirmation Plan Modification 11 U.S.C. §1329, §1329(b)(1), §1325(a), §1329(c), §1322(b) and §1323(c)**

☐ (1) The plan fails to provide for submission of all or such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for execution of the plan. [11 U.S.C.§1322(a)]

Facts:

---

☐ (2) The plan fails to provide for the full payment, in deferred cash payments, of all claims entitled to priority under 507 of this title [11 U.S.C.§1322(a)]

Facts:

---

☐ (3) The plan fails to provide for the same treatment of claims classified within a particular class. [11 U.S.C.§1322(a)]

Facts:

---

☐ (4) The plan unfairly discriminates between a class or classes of unsecured claims.[11 U.S.C.§1322(b)]

Facts:

---

☐ (5) The plan impermissibly modifies the claim of the creditor secured only by a security interest in real property that is the Debtor's principal residence. [11 U.S.C.§1322(b)]

Facts:

---

☑ (6) The plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is at least the amount that would be paid on such claim if the estate of the Debtor was liquidated under Chapter 7 of this title on such date. [11 U.S.C.§1325(a)(4)]

Facts: Debotr's modified plan is a pot plan and fails chapter 7 liquidation analysis. Due to the amount of unexempt assets, the plan must remain a 100% "Percent Plan."

---

☑ (7) The Plan is not feasible. The Debtor will not be able to make all payments under the plan and comply with the plan. [11 U.S.C.§1325(a)(6)]

Facts: Debtor's modified plan is not feasible because Debtor lacks the ability to fund it. Debtor's confirmed plan provided for 9 payments of $200.00 followed by 51 payments of $1,086.00. Debtor has never made the higher payment and has been in default since October 2018. Debtor now seeks to modify her plan to further delay necessary higher payments and increase them further to $2,716 beginning in $2,716.00. Debtor is unable to comply with this plan and the case should be dismissed. Also, Debtor has not filed a declaration in support of this motion nor fied supplemental schedules I and J. Debtor is already past due under the mod terms, having failed to make a $300.00 payment for December 2018. Trustee is also unable to administer this plan from December 2019 to February 2021 because the modified plan provides for more in disbursements than in plan payments during this period.

Case: 17-42995 Doc# 40 Filed: 01/18/19 Entered: 01/18/19 14:29:21 Page 2 of 5

☐ (8) The Debtor has not paid all domestic support obligation as required by 11 U.S.C.§1325(a)(8).

Facts:

☐ (9) The Debtor(s) have not filed all applicable tax returns required by 11 U.S.C. §1325(a)(9)

Facts:

☐ (10) The plan does not provide for the payment of equal monthly amounts to allowed secured claims. [11 U.S.C.§1325(a)(B)(ii)(I)]

Facts:

☐ (11) The plan has not been proposed in good faith [11 U.S.C. 1325(a)(3)] and/or the action of the Debtor in filing the petition was in bad faith. [11 U.S.C.§1325 (a)(7)]

Facts:

☐ (12) The plan provides for payments to creditors for a period longer than five (5) years [11 U.S.C.§1329(b)(1)]

Facts:

☐ (13) With respect to each allowed secured claim provided for by the plan, the plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed amount of such claim. [11 U.S.C.§ 1325(a)(5)(B)(ii)]

Facts:

☐ (14) Secured creditor deemed to have accepted or rejected plan as modified. [11 U.S.C. {@section} 1323(c)]

Facts:

☑ (15) Other:

Facts: Errors in Modified Plan

**Other Documents Filed Concurrently Herewith**

☑ Other: The plan provides for a $300.00 payment for January 2018 but this date has passed. Trustee believes Debtor may have meant January 2019 rather than January 2018. In Section 2.03, the balance of attorney fees is $2,594.60, not $2,780.00. Trustee has already made attorney fee disbursements in September and November 2018 and the plan cannot retroactively change those amounts. The modified plan has also removed Captial One from Section 2.06 and Hilda Aranda from Section 2.07.

## III. Trustee's Recommendation/Analysis

☑ The Motion to Modify the Plan should be denied.

☐ Other:

---

**WHEREFORE,** the Trustee requests:

☑ That the Trustee's objection to Motion to Modify of the plan be sustained.

☑ That the Debtor's case be dismissed.

Such other and further relief as the court deems proper.

Date: January 18, 2019

/s/ Trustee Martha G. Bronitsky
Trustee Martha G. Bronitsky
Chapter 13 Trustee

Certificate of Service

I HEREBY CERTIFY that I have served a copy of the within and foregoing document on the Debtor, Counsel for Debtor, and if applicable, the Creditor, Creditor representatives and the registered agent for the Creditor by depositing it in the United States Mail with First Class postage attached thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 18, 2019

/s/ Martha Silva

Martha Silva

Latrina Antoinette Dumas
1387 - 145Th Avenue
San Leandro,CA 94578

Debtor

Daniel S Vaughan Atty
1485 Civic Ct #1330
Concord,CA 94520

(Counsel for Debtor)